

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 11, 1947

Hon. Hall H. Logan, Chairman
State Board of Control
Austin, Texas

Opinion No. V-451

Re: Authority of State
Board of Control to
grant leaves for
Course of Study to
doctors and nurses
of eleemosynary in-
stitutions without
loss of salary.

Dear Sir:

We refer to your opinion request of recent date which reads, in substance, as follows:

S. B. No. 374, 50th Leg., R. S. Acts 1947, Section 3, under designation, Sala-ries and other General Provisions, Subsec-tion (d), the second paragraph provides:

"Leaves for Course of Study. To en-able our doctors and nurses to keep a-breast of new developments in their fields of study and to make themselves more valu-able to the state and the patients of the institutions, and inasmuch as their posi-tions are of a twelve-month duration not allowing them time off as in the education-al field for such study, the Board of Con-trol may allow doctors and registered nurses a reasonable time without loss of salary to attend recognized schools and clinics conducted by approved schools and associations."

Are there any statutes which would prevent our taking advantage of this pro-vision?

Section 3, Salaries and other General Provi-

sions, of said S. B. 374, Subsection (b), provides in part":

"... No salary shall be paid to any person unless such person actually discharges assigned duties. . ."

When the Appropriation Bill makes a general provision with respect to the payment of salaries of employees in eleemosynary institutions, as it does in Subsection (b) of Section 3 of S. B. 374, and the Act also makes a special provision concerning the payment of salaries of certain designated employees of said institution, as it does in Subsection (d) of Section 3 of S. B. 374, the former yields and the latter prevails, the specific provision being regarded as though it were an exception.  The specific provision more clearly evidences the intention of the Legislature than the general one and, therefore, it will control.

This rule of construction controls with respect to general laws, and is equally applicable to provisions within an appropriation bill which do not conflict with general statutes.

Senate Bill 374 appropriates money to carry on the State's business in its eleemosynary institutions.  The object and expressed purpose of Subsection (d) of Section 3 of S. B. 374 is to provide for the proper and up-to-date care of the inmate patients in said institutions (avowedly State business) by permitting the doctors and nurses thereof without loss of salary and at the Board's discretion to study and acquaint themselves concerning the latest approved methods and practices in their respective fields for the purpose of applying same to the benefit of the said State wards.  Obviously, the primary purpose of Subsection (d) is not to bestow grants or educational benefits to certain individual doctors and nurses but rather to enable and encourage the improvement of medical practices within the said State institutions. It is contemplated, of course, that the employed doctors and nurses will accomplish their assigned duties and for the salaries provided in S. B. 374.  So construed, Subdivision (d) does not contravene any of the provisions of Article III, Sections 40, 50 and 51 of the Texas Constitution.

We have been unable to find any general law, nor have we been apprised of such, with which said Sub-

section (d) of Section 3 of the Appropriation Bill may be in conflict. There being no general statute controlling on the subject, it is our opinion that there is nothing which legally would prevent the State Board of Control taking advantage of said provision and exercising its lawful discretion thereunder.

## SUMMARY

Subsection (d) of Sec. 3, S. B 374, 50th Leg., R. S. Acts 1947, authorizing a leave for Course of Study to doctors and nurses of eleemosynary institutions to attend a Course of Study for a reasonable time without loss of salary, being a specific provision and not conflicting with any general law on the subject, prevails over Subsection (b), Sec. 3, of said Appropriation Bill, and the State Board of Control may thereunder exercise its lawful discretion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Chester E. Ollison
Assistant

CEO:djm:mw

APPROVED:

ATTORNEY GENERAL